**Larry Dean BAILEY, Petitioner–Appellant,**

v.

**R.A. CASTRO, Respondent–Appellee.**

No. 01–55607.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 18, 2003.

R.App. P. 34(a)(2). Accordingly, we deny Bailey's request for oral argument.

**104**

Before: RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM **

Larry Dean Bailey, a California state prisoner serving a sentence of 25 years to life after pleading guilty to second degree commercial burglary, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

On March 4, 2001, Bailey delivered to prison authorities a "Motion and Declaration of Good Cause for Extension of Time" under Federal Rule of Appellate Procedure 4(a)(5) (2001), seeking an extension of time to file a notice of appeal. The district court's April 2, 2001 order denied the extension, stating that it had authority to extend time if requested before March 5, 2001, but incorrectly identifying the date of appellant's motion as March 11, 2001. We conclude that appellant's March 4, 2001 motion constitutes a timely notice of appeal.

Bailey contends his sentence under California's "three strikes" law violates the Eighth Amendment's prohibition against cruel and unusual punishment. We conclude that the California state courts did

** This disposition is not appropriate for publication and may not be cited to or by the

not unreasonably apply clearly established law in upholding Bailey's sentence. *See Ewing v. California,* —— U.S. ——, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (acknowledging broad discretion possessed by legislatures and holding that three-strikes sentence of 25 years to life for felony grand theft was not grossly disproportionate); *Lockyer v. Andrade,* —— U.S. ——, ——, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law). The district court therefore properly denied Bailey's petition. *See Andrade,* 123 S.Ct. at 1174.

**AFFIRMED.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.